**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MIRAMAR FIREFIGHTERS' PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN,<br><br>Defendants. | No. 1:19-cv-12536-DJC<br><br>Judge Denise J. Casper<br><br>CLASS ACTION<br><br><br><br>ORAL ARGUMENT REQUESTED |
| JEROME CAMPBELL, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN,<br><br>Defendants. | No. 1:19-cv-12483-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA AND CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND........................................................................................................ 3

ARGUMENT.................................................................................................................................. 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED ........................................................... 4

II.     NORTHERN CALIFORNIA CARPENTERS SHOULD BE APPOINTED LEAD
        PLAINTIFF.......................................................................................................................... 6

        A.      The PSLRA Standard for Appointing Lead Plaintiff............................................... 6

        B.      Northern California Carpenters Is the "Most Adequate Plaintiff"........................... 7

                1.      Northern California Carpenters' Motion Is Timely ..................................... 7

                2.      Norther California Carpenters Has a Substantial Financial Interest ........... 7

                3.      Northern California Carpenters Satisfies Rule 23's Typicality and
                        Adequacy Requirements .............................................................................. 8

                        a.      Northern California Carpenters' Claims Are Typical of
                                Those of the Class............................................................................ 8

                        b.      Northern California Carpenters Satisfies the Adequacy
                                Requirement of Rule 23 ................................................................... 9

                4.      Northern California Carpenters Is Precisely the Type of Lead
                        Plaintiff Congress Envisioned When It Passed the PSLRA ..................... 10

III.    NORTHERN CALIFORNIA CARPENTERS' SELECTION OF LEAD
        COUNSEL MERITS APPROVAL .................................................................................... 11

CONCLUSION........................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002)........................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................................4, 5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).....................................................................................................11

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) .................................9

*Faig v. Bioscrip, Inc.*,
No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013).............................8, 9

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ..............................................................................................2

*Kemp v. Universal Am. Fin. Corp.*,
No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) .....................................7

*In re KIT Dig., Inc. Sec. Litig.*,
293 F.R.D. 441 (S.D.N.Y. 2013) .............................................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016).......................................................................................8

*Lowinger v. Global Cash Access Holdings, Inc.*,
No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) .................................5

*Micholle v. Ophthotech Corp.*,
No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..........................7, 9, 11

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .....................................5

*Peifa Xu v. Gridsum Holding Inc.*,
No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...................................5

*Randall v. Fifth St. Fin. Corp.*,
No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ....................................................8

*Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014)..................................................................................11

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)...................................8

**Rules & Statutes**

Fed. R. Civ. P. 23............................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ............................................................................................................5

15 U.S.C. § 78u-4(a) *et seq.*............................................................................................ *passim*

**Docketed Cases**

*In re The Allstate Corp. Sec. Litig.*,
No. 16-cv-10510 (N.D. Ill.) ...............................................................................................11

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141 (S.D.N.Y.)................................................................................................12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ..............................................................................................13

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.)................................................................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ..............................................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ......................2, 10, 11

 S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.................................................2

Proposed Lead Plaintiff Carpenters Annuity Trust Fund for Northern California and Carpenters Pension Trust Fund for Northern California ("Northern California Carpenters") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Action"); (ii) appointing Northern California Carpenters as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired iRobot Corporation ("iRobot" or the "Company") stock between November 21, 2016 and October 22, 2019, both dates inclusive (the "Class Period"); (iii) approving Northern California Carpenters' selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and the Thornton Law Firm LLP ("Thornton Law") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Northern California Carpenters—a sophisticated institutional investor—respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who acquired iRobot stock during the Class Period (the "Class"), and who were damaged as a result of Defendants' alleged fraud. The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act against iRobot and certain of its executive officers (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative

under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Northern California Carpenters respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Northern California Carpenters incurred losses of **$347,125** on its Class Period transactions in iRobot stock as calculated on a last-in-first-out ("LIFO") basis.[1]  Accordingly, Northern California Carpenters has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Northern California Carpenters also meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Northern California Carpenters is precisely the type of investor that Congress intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

---

[1]     A copy of the Certification of Northern California Carpenters, signed by Gene H. Price, as Secretary of Northern California Carpenters ("Certification"), is attached as Exhibit A to the Declaration of Guillaume Buell (the "Buell Decl.").

Finally, pursuant to the PSLRA, Northern California Carpenters respectfully requests that the Court approve the selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Northern California Carpenters respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND

iRobot is a global consumer robot company based in Bedford, Massachusetts. iRobot's most popular product line is its autonomous robotic vacuum cleaners, which the Company first introduced with the Roomba Vacuuming Robot in 2002.

The Action alleges that during the Class Period, Defendants were engaging in channel-stuffing—the deceptive practice of sending retailers and distributors in a company's distribution channel more products than those retailers would ordinarily purchase from the company or be able to sell to the public during a given period, enabling the company to book those as sales in the current quarter or year. Specifically, the Action alleges that Defendants misrepresented the reason for iRobot's acquisitions of SODC and Robopolis, two distributors of iRobot's products, which was to control those distributors so that Defendants could inflate sales and revenue figures by stuffing the channel. Defendants further misled investors by repeatedly telling them throughout the Class Period that the Company was seeing continued double-digit revenue growth, and by attributing the growth to increased demand for the Roomba, when in reality Defendants were engaging in channel-stuffing to artificially boost sales.

3

The truth partially emerged when on April 23, 2019, after the close of trading, when iRobot surprised the market by announcing quarterly revenues that were below analyst expectations and also revealed surging inventory levels.  In response to this news, iRobot's stock price fell from $130.57 per share on April 23, 2019, to $100.42 per share on April 24, 2019 on unusually high trading volume, a decline of over 23% in one trading day.

Then, on July 23, 2019, after the close of trading, iRobot cut its full-year earnings forecast.  In response to this news, iRobot's stock price fell from $89.63 per share on July 23, 2019, to $74.51 per share on July 24, 2019 on unusually high trading volume, a decline of nearly 17% in one trading day.

Finally, on October 22, 2019, after the close of trading, iRobot cut the high end of its revenue expectations for the year, from $1.25 billion to $1.21 billion, and said it rolled back price increases after a "suboptimal" customer response.  In response to this news, iRobot's stock price fell from $54.03 per share on October 22, 2019, to $49.06 per share on October 23, 2019 on unusually high trading volume, a decline of over 9% in one trading day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages

## ARGUMENT

## I.    THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most

adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018). "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Lowinger v. Global Cash Access Holdings, Inc*., No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp*., 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events—primarily Defendants' materially false and misleading statements and omissions concerning iRobot's declining revenue growth and ballooning inventory. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Northern California Carpenters respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

II.   **NORTHERN CALIFORNIA CARPENTERS SHOULD BE APPOINTED LEAD PLAINTIFF**

Northern California Carpenters respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

A.   **The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-

6

4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at \*4 (S.D.N.Y. Mar. 13, 2018).  Under the framework established by the PSLRA, Northern California Carpenters is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.      Northern California Carpenters Is the "Most Adequate Plaintiff"**

**1.      Northern California Carpenters' Motion Is Timely**

Northern California Carpenters filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *PR Newswire,* a widely-circulated, national, business-oriented news wire service, on October 24, 2019.  *See* Notice, Buell Decl., Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before December 23, 2019.  Northern California Carpenters filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

**2.      Norther California Carpenters Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at \*2 (S.D.N.Y. May 1, 2006).

Northern California Carpenters incurred a substantial loss of **$347,125.66** on its transactions in iRobot securities on a LIFO basis during the Class Period. *See* Loss Analysis, Buell Decl., Ex. B; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Northern California Carpenters has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3. Northern California Carpenters Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Faig*, 2013 WL 6705045, at *3 ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted). Here, Northern California Carpenters unquestionably satisfies both requirements.

### a. Northern California Carpenters' Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and

8

plaintiff's claims are based on the same legal theory.  *See Faig*, 2013 WL 6705045, at *3.  Rule

23 does not require the lead plaintiff to be identically situated with all class members.  *Id.*

Northern California Carpenters' claims are typical of the claims asserted by the proposed

Class.  Like all members of the Class, Northern California Carpenters alleges that Defendants

engaged in channel stuffing and made material misstatements and omissions regarding iRobot's

revenue growth and ballooning inventory in violation of the federal securities laws.  Northern

California Carpenters, as did all of the members of the Class, purchased iRobot securities in

reliance on Defendants' alleged misstatements and omissions and was damaged thereby.

Because Northern California Carpenters' claims arise from the same course of events as do the

claims of other class members, the typicality requirement is satisfied.  *See Ophthotech*, 2018 WL

1307285, at *6.

### b.      Northern California Carpenters Satisfies the Adequacy Requirement of Rule 23

Northern California Carpenters likewise satisfies the adequacy requirement of Rule 23.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative

party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R.

Civ. P. 23(a)(4).  Courts assess a movant's adequacy based on: "(1) the size, available resources

and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel;

and (3) any potential conflicts or antagonisms rising among purported class members."  *In re*

*Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11,

2009) (citing *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL No.

1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Northern California Carpenters will fairly and adequately represent the interests of the

proposed Class.  Northern California Carpenters unquestionably has resources sufficient to

9

pursue the above-captioned action to a successful conclusion.  Northern California Carpenters

has also retained counsel highly experienced in prosecuting securities class actions vigorously

and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in

accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between Northern California Carpenters' interests and

those of the absent Class members; rather, the interests of Northern California Carpenters and

Class members are squarely aligned.  Northern California Carpenters suffered substantial losses

due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of

this case to ensure vigorous prosecution of this action.

Finally, there is no proof that Northern California Carpenters is "subject to unique

defenses that render such plaintiff incapable of representing the class," because no such proof

exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Northern California Carpenters satisfies

the adequacy requirement.

### 4.    Northern California Carpenters Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Northern California Carpenters—a

large, sophisticated institutional investor—is precisely the type of investor Congress envisioned,

through the enactment of the PSLRA, to encourage to assume a more prominent role in securities

litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730,

733 ("The Conference Committee believes that increasing the role of institutional investors in

class actions will ultimately benefit shareholders and assist courts by improving the quality of

representation in securities class actions.").  Congress reasoned that increasing the role of

institutional investors, which typically have a large financial stake in the outcome of the

litigation, would be beneficial because institutional investors with a large financial stake are

10

more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at \*6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs").

Northern California Carpenters is the paradigmatic lead plaintiff as contemplated by the PSLRA. Northern California Carpenters' understanding of the responsibilities of a lead plaintiff is based, in part, on its experience serving as lead plaintiff in a securities class actions against Allstate Corporation. *See In re The Allstate Corp. Sec. Litig.*, No. 16-cv-10510 (N.D. Ill.).

Accordingly, Northern California Carpenters has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## III.   NORTHERN CALIFORNIA CARPENTERS' SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

11

Here, Northern California Carpenters has selected the law firm of Labaton Sucharow to represent the Class.  Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, Buell Decl., Ex. D.

Likewise, Thornton Law is well qualified to represent the Class as Liaison Counsel. Thornton Law maintains an office in this District, and has substantial litigation experience.  *See* Buell Decl., Ex. E.  Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve Northern California Carpenters' selection of Labaton Sucharow as Lead Counsel for the Class.  The Court can be assured that, by Northern California Carpenters' choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Northern California Carpenters respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions: (ii) appointing Northern California Carpenters as Lead Plaintiff; (iii) approving Northern California Carpenters' selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  December 23, 2019

Respectfully submitted,

*/s/ Guillaume Buell*

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
dbuell@tenlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Carpenters Annuity Trust Fund for Northern California and Carpenters Pension Trust Fund for Northern California, and Proposed Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the ECF system on December 23, 2019 and accordingly will be served electronically upon all registered participants identified on the Notice of Electronic Filing.

 */s/ Guillaume Buell*
Guillaume Buell (BBO# 676566)