UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAMAR FIREFIGHTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-12536-DJC |
| Plaintiff, | CLASS ACTION |
| v. | |
| IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN, | |
| Defendants. | |
| JEROME CAMPBELL, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-12483-DJC |
| Plaintiff, | CLASS ACTION |
| v. | |
| IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF VINH NGO'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

010870-11/1219144 V1

Classmember Vinh Ngo ("Mr. Ngo" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) consolidation of the above-captioned actions (the "Related Actions"); (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The two above-captioned actions commonly allege that consumer robot company iRobot Corporation ("iRobot", "IRBT" or the "Company") and its most senior executives made materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a), 78t(a)), and U.S. Securities and Exchange Commission Rules 10b-5 (17 C.F.R. § 240.10b-5) and 14a-9 (17 C.F.R. § 240.14a-9) promulgated thereunder.

Specifically, between November 21, 2016 and October 22, 2019, Defendants reported explosive, double-digit revenue growth, which they attributed to increasing demand for iRobot's Roomba products, expanded gross margin due to distributor acquisitions, greater brand awareness, and technological innovation. In truth, and unbeknownst to iRobot investors, Defendants were engaging in channel-stuffing in order to inflate its sales and revenues figures, and had acquired two of its largest distributors in order to facilitate and conceal this deceptive practice. As a result of Defendants' false and misleading statements and omissions, iRobot stockholders, including Mr. Ngo, were induced to purchase their IRBT shares at artificially inflated prices.

The channel-stuffing scheme, however, was unsustainable.  The market learned the truth about iRobot's reasons for acquiring two major distributors and the demand for the Company's products through a series of disclosures occurring between April 23, 2019 and October 22, 2019, when the Company repeatedly announced declining financial performance and deteriorating financial condition.  These disclosures caused the price of iRobot's shares to decline severely, thereby injuring iRobot shareholders, including Mr. Ngo.

First, given that the actions assert identical claims against identical Defendants on behalf of an identical class of investors that purchased iRobot securities during an identical class period, the cases should be consolidated.  *See* Fed. R. Civ. P. 42(a).

Next, the PSLRA sets out the procedure for the selection of a lead plaintiff in securities class actions. *See* 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(i).  A court must presume that the "most adequate plaintiff" to represent the interests of the class members is the movant that has "made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Ngo respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  Mr. Ngo believes that he has the largest financial interest in this action by virtue of his substantial investments in IRBT throughout the Class Period.  Specifically, Mr. Ngo expended $300,000 purchasing 3,000 IRBT shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $153,000, whether calculated on a FIFO or LIFO basis.

In addition to asserting the largest financial interest in this litigation, Mr. Ngo also meets the applicable requirements of Rule 23 because his claims are typical of absent class members

and because he will fairly and adequately represent the interests of the Class.  Mr. Ngo, who resides in the Dallas/Fort Worth, Texas area, received a Bachelor's degree in Computer Science from the University of Oklahoma, works as a Senior Database Architecture Engineer for a major defense contractor, and has been actively investing for the past 30 years.  Given his financial interest and educational background, Mr. Ngo has both the incentive and ability to supervise and monitor counsel.  Further, Mr. Ngo fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

Mr. Ngo has also demonstrated his adequacy through its selection of Hagens Berman as proposed Lead Counsel for the Class.  Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors.  Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions.

Accordingly, based on Mr. Ngo's significant financial interest and his commitment and ability to oversee this action, Mr. Ngo respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    FACTUAL BACKGROUND

iRobot is a global consumer robot company based in Bedford, Massachusetts that designs and builds robots to assist with household tasks.  *Miramar* Complaint, ECF No. 1 at ¶15; *Campbell* Complaint, ECF No. 1 at ¶15.  iRobot's most popular product line is its Roomba autonomous robotic vacuum cleaners, which the Company first introduced in 2002. *Id*.

In November 2016, iRobot announced its acquisition of Sales on Demand Corporation ("SODC"), a Tokyo-based distributor that the Company claimed would help iRobot maintain its leadership position and accelerate the growth of its business in Japan.  *Id*. at ¶18.  Thereafter, in

July 2017, iRobot announced its intention to acquire Robopolis SAS ("Robopolis"), a Lyon, France-based distributor to purportedly enhance the Company's distribution network in Europe, the Middle East, and Africa (the "EMEA" region).  *Id*. at ¶20.

Throughout the Class Period, Defendants made materially false and misleading representations and omissions concerning their reasons for acquiring SODC and Robopolis and the demand for the Company's products.  *Id*. at ¶¶18-21.  In particular, Defendants claimed SODC would "better enable iRobot to maintain its leadership position and accelerate the growth of its business in Japan through direct control of pre- and postsales market activities including sales, marketing, branding, channel relationships and customer service."  *Id*. at ¶18.  Similarly, the Company promoted the Ropobolis acquisition stating it would "further enhance the company's distribution network, ensure global brand consistency and better serve the needs of European consumers while driving continued growth in Western Europe through a consistent approach to all market activities including sales, marketing, branding, channel relationships and customer service."  *Id*. at ¶20.

Following the SODC and Ropobolis acquisitions, Defendants repeatedly delivered "record" revenue growth, and falsely attributed the success to increasing demand for its Roomba products, expanded gross margin due to distributor acquisitions, greater brand awareness, technological innovation.  *Id*. at ¶¶21-29.  Defendants falsely claimed the Company's channel inventory levels had not changed and would not change dramatically from quarter to quarter or year over year.  *Id*. at ¶26.

In truth, the reason for iRobot's acquisitions of SODC and Robopolis was to control the Company's largest distributors so that Defendants could artificially inflate sales and revenue figures by stuffing the channel. *Id*. at ¶30.  In reality, the driver for iRobot's increased sales and

revenues was Defendants' participation in an undisclosed channel-stuffing scheme. *Id*. Finally, contrary to Defendants' statements, the Company's channel inventory levels would and had in fact changed since Defendants were deliberately stuffing the channel in order to claim false revenue growth. *Id*.

The market learned the truth through a series of disclosures, beginning on April 23, 2019, when iRobot announced disappointing quarterly revenues and revealed surging inventory levels. *Id*. at ¶31. Then, on July 23, 2019, iRobot cut its full-year earnings forecast. *Id*. at ¶33. Finally, on October 22, 2019, iRobot cut the high end of its revenue expectations for the year, from $1.25 billion to $1.21 billion, and said it rolled back price increases after a "suboptimal" customer response. *Id*. at ¶34. The Company reported increased inventory levels once again, with third quarter 2019 ending inventory of $248 million or 149 days in inventory ("DII") compared to the $161 million or 113 DII a year prior. *Id*.

In response to each of these disclosures, iRobot's stock price fell precipitously, on unusually high trading volume, thereby causing economic losses to iRobot investors such as Mr. Ngo. *Id*. at ¶35.

### III.    PROCEDURAL BACKGROUND

On October 24, 2019, plaintiff Miramar Firefighters Pension Fund initiated an action against Defendants in the Southern District of New York. *See Miramar* Complaint, ECF 1. That same day, Miramar provided notice to investors pursuant to the PSLRA. *See* Declaration of Lucas E. Gilmore, Ex. C.

On November 7, 2019, a nearly identical iRobot securities class action complaint was filed in the Southern District of New York, *Campbell v. iRobot Corporation et al*., No. 1:19-cv-10373 (S.D.N.Y.).

On November 26, 2019, Defendants moved to transfer the *Miramar* case to the District of Massachusetts. *Miramar* ECF No. 16. On December 5, 2019, the Honorable Jed S. Rakoff granted Defendants' motion and transferred this action to this Court. *Miramar* ECF No. 19.

On December 5, 2019, a stipulation and order was entered transferring the *Campbell* action to the District of Massachusetts. *Campbell* ECF No. 19.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id.* Here the Related Actions are based upon the same alleged misconduct, name the same Defendants, allege the same class period and class definition, and assert the same claims. Consolidation, therefore, is appropriate.

### B.    Movant Should Be Appointed Lead Plaintiff

Mr. Ngo should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption for determining which purported class member is the so-called "most adequate plaintiff". § 78u-4(a)(3)(B)(iii). The Court shall adopt the presumption that an individual is the most adequate plaintiff where he or she 1) "has either filed the complaint or made a motion in response to a notice under [the statute]", 2) "in the determination of the court, has the largest financial interest in the relief sought by the class" and 3) "otherwise satisfies the requirements of [Fed. R. Civ. P. 23]". 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I). Once established, that presumption may be rebutted only upon proof by another class member that the originally chosen plaintiff 1) "will not fairly and adequately protect the interests of the class" or 2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class". § 78u-4(a)(3)(B)(iii)(II).  As set forth below, Mr. Ngo believes he is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

> 1.      **Mr. Ngo's Motion is Timely**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On October 24, 2019, the above-captioned action was filed in the United States District Court for the Southern District of New York.  The same day, a notice of pendency of the above-captioned action was published on *Cision PRNewswire*, alerting investors that the deadline to seek Lead Plaintiff status is December 23, 2019.  *See* Gilmore Decl., Ex. C.  Accordingly, Mr. Ngo satisfies the PSLRA's 60-day requirement through the filing of this motion.

> 2.      **Mr. Ngo has the Largest Financial Interest in the Relief Sought by the Class**

Although the PSLRA does not prescribe how to determine which putative class member has the largest financial interest, courts in this district and others have considered the following factors in making that determination: "1) the number of shares purchased during the class period; 2) the number of net shares purchased during the class period; 3) the total net funds expended during the class period; and 4) the approximate losses suffered during the class period". *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts consider the approximate

- 7 -

losses allegedly suffered to be the most important factor in determining the largest financial interest. *Id*.

Here, during the Class Period, Mr. Ngo expended $300,000 purchasing 3,000 IRBT shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $153,000, whether calculated on a FIFO or LIFO basis. *See* Certification and Loss Charts, Gilmore Decl., Exs. A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Mr. Ngo satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.      Mr. Ngo Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Ngo otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To establish that a purported class member otherwise satisfies the requirements of Fed. R. Civ. P. 23 for purposes of a lead plaintiff motion, the movant need only make a prima facie showing that he or she satisfies the typicality and adequacy requirements. *Ark. Teacher Ret. Sys*., 177 F. Supp. 3d at 622. A plaintiff's claim is typical if it arises from the "same events or course of conduct" and involves the same legal theory as the claims of the rest of the class members. *In re Lernout & Hauspie Sec. Litig*., 138 F. Supp. 2d 39, 46 (D. Mass. 2001). A plaintiff is adequate if 1) he or she has common interests and an absence of conflict with the other class members and 2) his or her attorneys are qualified, experienced and able vigorously to conduct the litigation. *Id*..

As set forth in greater detail below, Mr. Ngo otherwise satisfies the requirements of Fed. R. Civ. P. 23. First, Mr. Ngo's claims are typical of those of the other class members because he has suffered the same injuries as a result of the same course of conduct by Defendants. Moreover, his claims are based on the same legal theory as those of the other class members because he 1) purchased shares of iRobot stock 2) in reliance upon 3) allegedly false and/or

misleading statements and/or omissions 4) knowingly made by Defendants and 5) thereafter suffered economic losses 6) when the truth became public and iRobot's stock price dropped precipitously.

Second, Mr. Ngo is an adequate lead plaintiff because 1) he and the other class members have the same interest in maximizing the recovery from Defendants for the alleged fraud, 2) he has a substantial financial stake in the litigation that will ensure his vigorous prosecution of the claims and 3) he has chosen qualified and experienced counsel.

Mr. Ngo is therefore presumptively the most adequate plaintiff and submits there are no facts, let alone evidence to suggest he would be an inadequate representative.

**C.     The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Ngo has selected Hagens Berman to serve as Lead Counsel for the proposed Class.  Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests.  *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. D.  The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.  *See* Ex. D at page 31.  Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions.  *See* Ex. D at page 32.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## II.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Ngo as Lead Plaintiff pursuant to the PSLRA; (3) approve Mr. Ngo's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: December 23, 2019                Respectfully submitted,

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By  /s/ David S. Nalven
                                            DAVID S. NALVEN

                                        55 Cambridge Parkway, Suite 301
                                        Cambridge, MA 02142
                                        Telephone: (617) 482-3700
                                        Facsimile:  (617) 482-3003
                                        davidn@hbsslaw.com

                                        Reed R. Kathrein
                                        Lucas E. Gilmore
                                        Danielle Smith
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        715 Hearst Avenue, Suite 202
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        reed@hbsslaw.com
                                        lucasg@hbsslaw.com
                                        danielles@hbsslaw.com

                                        Steve W. Berman
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1301 Second Avenue, Suite 2000
                                        Seattle, WA  98101
                                        Telephone: (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        steve@hbsslaw.com

                                        *Counsel for [Proposed] Lead Plaintiff Vinh Ngo*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ David S. Nalven
DAVID S. NALVEN

- 1 -