**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JEROME CAMPBELL, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN,<br><br>            Defendants. | No. 1:19-cv-12483-DJC<br><br>CLASS ACTION |
| MIRAMAR FIREFIGHTERS' PENSION FUND, on behalf of itself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN,<br><br>            Defendants. | No. 1:19-cv-12536-DJC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
RICHARD W. MASUCCI FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND
CONSOLIDATION OF THE RELATED ACTIONS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND.....................................................................................................3

ARGUMENT ..............................................................................................................................4

    I.   MR. MASUCCI SHOULD BE APPOINTED LEAD PLAINTIFF ...................................4

        A.  The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met ........................4

        B.  Mr. Masucci Should Be Appointed Lead Plaintiff ........................................................5

            1.  Mr. Masucci Has the Largest Financial Interest ......................................................5

            2.  Mr. Masucci Otherwise Satisfies Rule 23................................................................5

    II.  MR. MASUCCI'S CHOICE OF LEAD AND LIAISON COUNSEL SHOULD
        BE APPROVED ...............................................................................................................7

    III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................................10

CONCLUSION.........................................................................................................................11

## TABLE OF AUTHORITIES

CASES                                                                                                      PAGE(S)

*Carr v. Analogic Corp.*,
   No. 18-cv-11301-ABD, 2018 WL 4932858 (D. Mass. Oct. 10, 2018) ...................................11

*Gilliam v. Fidelity Mgmt. & Research Co.*,
   Civ. A. No. 04-11600-NG, 2005 WL 1288105 (D. Mass. 2005) ...........................................11

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ......................................................................................11

*Local No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*,
   52. F. Supp. 3d 337 (D. Mass. 2014) .................................................................................6

*Lowinger v. Glob. Cash Access Holdings, Inc.*,
   No. 08 Civ. 3516(SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ...............................11

*Seguro De Servicio De Salud De Puerto Rico v. McAuto Sys. Grp., Inc.*,
   878 F.2d 5 (1st Cir. 1989) ...............................................................................................11

*State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
   C.A. No. 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006) ........................5, 6, 7

STATUTES

15 U.S.C. § 78u-4(a) ....................................................................................... *passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4) ...................................................................................................6

Fed. R. Civ. P. 42(a) .....................................................................................................11

Richard W. Masucci respectfully submits this Memorandum of Law in support of his Motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (1) appointing Mr. Masucci as Lead Plaintiff; (2) approving his selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and Block & Leviton LLP ("Block & Leviton") as Liaison Counsel for the Class; (3) consolidating the related actions; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On October 24, 2019, Plaintiff Miramar Firefighters' Pension Fund ("Miramar"), through its counsel, Bernstein Litowitz and Kessler Topaz, filed the first of two nearly identical securities class actions alleging that, from November 21, 2016 through October 22, 2019, inclusive (the "Class Period"), iRobot Corporation ("iRobot" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]  The action alleges that iRobot investors—including Mr. Masucci—incurred significant losses following revelations that iRobot's inventory levels had skyrocketed, demonstrating that the Company had engaged in an illicit channel stuffing scheme.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B)(i).  In that regard, the Court is required to determine

---

[1] On December 5, 2019, Judge Jed S. Rakoff of the United States District Court for the Southern District of New York transferred the above-captioned related actions to this District.

which movant has the "largest financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Mr. Masucci is the "most adequate plaintiff" by virtue of the approximately $122,000 in losses he incurred on the 4,705 shares of iRobot stock that he purchased during the Class Period—a substantial financial interest that will ensure the vigorous prosecution of investors' claims.[2]

In addition to asserting the largest financial interest, Mr. Masucci readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the Class, and he will fairly and adequately represent the Class.  Mr. Masucci is a sophisticated investor with over 20 years of experience investing in the public stock markets.  In addition, as set forth in greater detail in his Declaration submitted herewith, Mr. Masucci fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this action.[3]

Mr. Masucci has also demonstrated his adequacy through his selection of Bernstein Litowitz and Kessler Topaz as proposed Lead Counsel for the Class.  Mr. Masucci selected these firms, in substantial part, based on their respective, and collective, established track records of achieving substantial recoveries for the benefit of investors.  *See* Walker Decl., Ex. C ¶ 6.  Bernstein Litowitz and Kessler Topaz are eminently qualified to prosecute this case and have extensive

---

[2] Mr. Masucci's PSLRA-required Certification is provided as Exhibit A to the Declaration of Jacob A. Walker ("Walker Decl.").  In addition, a chart setting forth calculations of Mr. Masucci's losses is provided as Exhibit B to the Walker Decl.

[3] *See* Declaration of Richard W. Masucci in Support of His Motion for Appointment as Lead Plaintiff, Approval of His Selection of Lead Counsel, and Consolidation of the Related Actions, Walker Decl., Ex. C.

experience in securities fraud litigation, including many cases in which the two firms have served as co-lead counsel for the class, which will benefit the Class here. *See id.* Based on Mr. Masucci's superior financial interest and his commitment and ability to oversee this action, Mr. Masucci respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## FACTUAL BACKGROUND

Based in Bedford, Massachusetts, iRobot is a global consumer robot company that designs and builds robots to assist with household tasks. The Company's most popular product line is the Roomba series of robotic vacuum cleaners.

Throughout the Class Period, Defendants made a series of misrepresentations and material omissions concerning the demand for iRobot's products. Specifically, the Company reported explosive double-digit revenue growth which it attributed to increasing demand for its Roomba products, expanded gross margin due to distributor acquisitions, greater brand awareness, and technological innovation. In truth, iRobot engaged in "channel stuffing"—a deceptive business practice used by a company to inflate its sales and earnings figures by deliberately sending more products to its distributors than they will be able to sell. To conceal its alleged misconduct, in 2017, iRobot took the drastic step of purchasing its two major distributors in Europe and Asia. The Company claimed the acquisitions were undertaken in order to market the Roomba product more effectively and increase margins. The true purpose of those acquisitions was to clean up inventory in the channel and continue to mask declining demand for iRobot's products. As a result of these misrepresentations, iRobot shares traded at artificially inflated prices throughout the Class Period.

The truth began to emerge on April 23, 2019, when iRobot announced quarterly revenues that were below analyst expectations and also revealed surging inventory levels. This news caused iRobot's stock price to decline by 23%, from $130.57 per share on April 23, 2019, to $100.42 per

3

share on April 24, 2019.  Then, on July 23, 2019, iRobot significantly cut its full-year earnings forecast, causing iRobot's stock price to decline by an additional 17%, from $89.63 per share on July 23, 2019, to $74.51 per share on July 24, 2019.

Finally, on October 22, 2019, iRobot cut the high end of its revenue expectations for the year by $40 million and revealed it rolled back price increases after a "suboptimal" customer response.  In addition, iRobot reported increased inventory levels once again.  On this news, iRobot's stock price declined from $54.03 per share on October 22, 2019, to $49.06 per share on October 23, 2019 on unusually high trading volume.

<div align="center">**ARGUMENT**</div>

**I.  MR. MASUCCI SHOULD BE APPOINTED LEAD PLAINTIFF**

**A.  The PSLRA's Lead Plaintiff Procedural Prerequisites Have Been Met**

The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On October 24, 2019, Miramar filed the first securities class action complaint asserting claims under Sections 10(b) and 20(a) of the Exchange Act against Defendants.  That same day, counsel for Miramar published a notice of pendency of the action and set the deadline to seek Lead Plaintiff status by December 23, 2019. *See* Walker Decl., Ex. D.  Accordingly, Mr. Masucci satisfies the PSLRA 60-day requirement through the filing of this motion.

<div align="center">4</div>

### B.    Mr. Masucci Should Be Appointed Lead Plaintiff

Mr. Masucci respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of [Rule 23]." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)

### 1.    Mr. Masucci Has the Largest Financial Interest

Mr. Masucci should be appointed Lead Plaintiff because he believes that he has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Mr. Masucci sustained total losses of approximately $122,000 on his purchases of 4,705 shares of iRobot stock during the Class Period. *See* Walker Decl., Exs. A-B. To the best of Mr. Masucci's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Mr. Masucci has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2.    Mr. Masucci Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Masucci otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant must make only "a *prima facie* showing" that it satisfies the adequacy and typicality requirements of Rule 23. *State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, No. 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006). Here, Mr. Masucci unquestionably satisfies both requirements.

Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all Class members. *See Local No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*, 52. F. Supp. 3d 337, 341 (D. Mass. 2014). Here, Mr. Masucci satisfies this requirement because, just like all other Class members, he purchased iRobot stock during the Class Period at prices artificially inflated as a result of Defendants' materially false and misleading statements and suffered damages thereby. *See Sonus*, 2006 WL 3827441, at *2 (lead plaintiff movant typical when "no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable") (citation omitted). As such, Mr. Masucci is a typical Class representative.

Mr. Masucci similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately protected, the Lead Plaintiff must possess "common interests and an absence of conflict with the class members" and "plaintiff's attorneys [must be] qualified, experienced, and vigorously able to conduct the litigation." *Vertex*, 52 F. Supp. 3d at 341 (citation omitted).

Here, Mr. Masucci—an experienced and sophisticated investor—is an adequate representative of the Class. Mr. Masucci's interests are perfectly aligned with the interests of all Class members and are not antagonistic in any way. Mr. Masucci submitted a sworn Certification attesting to his willingness, commitment, and desire to oversee the prosecution of this case efficiently, and separate and apart from his lawyers. *See* Walker Decl., Ex A. Through this Certification, Mr. Masucci accepts the fiduciary obligations he will assume if appointed Lead Plaintiff, and will zealously represent the interests of all Class members.

To further demonstrate his ability to litigate this case in the best interests of the Class, Mr. Masucci submitted a Declaration, which sets forth information regarding Mr. Masucci's background, residency, investing experience, how Mr. Masucci became aware of this action, and contains further affirmations of Mr. Masucci's understanding of the duties owed to the Class. *See* Walker Decl., Ex. C. Through his Declaration and his PSLRA Certification, Mr. Masucci has demonstrated that he accepts the fiduciary obligations that he will assume if appointed Lead Plaintiff.

Finally, as explained below, Mr. Masucci has demonstrated his adequacy through his selection of Bernstein Litowitz and Kessler Topaz to serve as Lead Counsel for the Class—highly qualified law firms with extensive experience litigating securities class action lawsuits, including together as co-lead counsel. *See Sonus*, 2006 WL 3827441, at *2 (movant made *prima facie* showing of adequacy where it had "both the ability and incentive to represent the class vigorously" and had "retained experienced counsel to do so"). Accordingly, Mr. Masucci satisfies the typicality and adequacy requirements of Rule 23.

## II.     MR. MASUCCI'S CHOICE OF LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

The Court should approve Mr. Masucci's selection of Bernstein Litowitz and Kessler Topaz to serve as Lead Counsel and Block & Leviton to serve as Liaison Counsel. Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Bernstein Litowitz and Kessler Topaz each have a demonstrated history of successfully prosecuting complex securities class actions on behalf of injured investors. *See* Walker Decl., Exs. E & F (firm résumés of Bernstein Litowitz and Kessler Topaz). Block & Leviton, based in Boston,

also has extensive securities litigation experience, including in this Court. *See* Walker Decl., Ex. G (firm résumé of Block & Leviton).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also served as lead counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-1664 (D.N.J.), in which settlements in excess of $3.3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class. More recently, Bernstein Litowitz secured a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and served as lead counsel and obtained a $480 million recovery on behalf of the class in *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.).

Other significant examples in which courts, including courts in this Circuit and District, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *Hill v. State Street Corporation*, No. 09-cv-12146 (D. Mass.) (recovering $60 million for investors); *Hoff v. Popular, Inc.*, No. 09-cv-01428-GAG-BJM (D.P.R.) (recovering $37.5 million for investors); *Levy v. Gutierrez*, No. 14-cv-443 (D.N.H.) (recovering $36.7 million for investors); and *Louisiana Municipal Police Employees' Retirement System v. Green Mountain Coffee Roasters, Inc.*, No. 11-cv-289 (D. Vt.) (recovering $36.5 million for investors).

Similarly, Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors,

8

including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Tenet Healthcare Corporation Securities Litigation*, No. CV-02-8462-RSWL (Rx) (C.D. Cal.) (recovering $215 million for investors); and *In re Brocade Securities Litigation*, No. C 5-2042 CRB (N.D. Cal.) (recovering $160 million for investors). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); *In re Celgene Corp. Securities Litigation*, No. 18-cv-4772 (JMV) (JBC) (D.N.J.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-3187 (SJC) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—which at the time was one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Moreover, Bernstein Litowitz and Kessler Topaz have a history of jointly prosecuting securities fraud class actions. Bernstein Litowitz and Kessler Topaz's joint prosecutions, which have resulted in recoveries collectively exceeding $4.5 billion in recent years, include, among others: *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income*

9

*Security Act (ERISA) Litigation*, No. 09-md-2058 (S.D.N.Y.) ($2.425 billion recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel, among others); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) ($730 million recovery with Bernstein Litowitz as lead counsel and Kessler Topaz as additional counsel); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y.) ($627 million recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (S.D.N.Y.) ($615 million recovery with Bernstein Litowitz and Kessler Topaz as co-lead counsel).  More recently, Bernstein Litowitz and Kessler Topaz served together as co-lead counsel in *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.), in which $250 million was recovered for investors, and are currently serving together as co-lead counsel in *Hedick v. The Kraft Heinz Co.*, No. 19-cv-1339 (RMD) (N.D. Ill.), and *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (D.N.J.).

Thus, the Court may be assured that, in the event this motion is granted, the Class will receive the highest caliber of legal representation available.  Accordingly, the Court should approve Mr. Masucci's selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel and Block & Leviton as Liaison Counsel for the Class.

## III.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

There are currently at least two related securities class actions against iRobot pending in this District:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 1:19-cv-12536 | *Miramar Firefighters Pension Fund v. iRobot Corp.* | 10/24/2019 |
| 1:19-cv-12483 | *Campbell v. iRobot Corp.* | 11/8/2019 |

Consolidation is appropriate where, as here, there are actions pending in the same court that involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a); *see also Gilliam v. Fidelity Mgmt. & Research Co.*, No. 04-11600NG, 2005 WL 1288105, at \*1 (D. Mass. May 3, 2005) (citing *Seguro De Servicio De Salud De Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Lowinger v. Glob. Cash Access Holdings, Inc.*, No. 08 Cv. 3516(SWK), 2008 WL 2566558, at \*1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). Consolidation of the above-captioned actions is appropriate since they both assert nearly identical claims based on the same legal and factual allegations. In addition, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact between them. *See Carr v. Analogic Corp.*, No. 18-cv-11301-ABD, 2018 WL 4932858, at \*1 (D. Mass. Oct. 10, 2018) ("[C]onsolidation pursuant to Rule 42(a) . . . expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.") (citation omitted). Accordingly, the Court should consolidate the above-captioned actions and any other subsequently filed or transferred shareholder actions that are related to the claims in this matter.

## CONCLUSION

For the reasons stated above, Mr. Masucci respectfully requests that the Court: (1) appoint him Lead Plaintiff; (2) approve his selection of Bernstein Litowitz and Kessler Topaz as Lead Counsel and Block & Leviton as Liaison Counsel; (3) consolidate the related actions; and (4) grant such other and further relief as the Court may deem just and proper.

11

Dated: December 23, 2019

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker

Jeffrey C. Block (BBO #600747)
Jacob A. Walker (BBO #688074)
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jeff@blockesq.com
jake@blockesq.com

*Liaison Counsel for Proposed Lead Plaintiff
Mr. Masucci and Proposed Liaison Counsel
for the Class*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

Avi Josefson, *pro hac vice* forthcoming
Michael D. Blatchley, *pro hac vice* forthcoming
Scott R. Foglietta, *pro hac vice* forthcoming
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
avi@blbglaw.com
michaelb@blbglaw.com
scott.foglietta@blbglaw.com

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff
Mr. Masucci and Proposed Lead Counsel
for the Class*

<div style="border: 1px solid black; padding: 10px;">

**Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on December 23, 2019.

/s/ Jacob A. Walker

</div>

12