**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MIRAMAR FIREFIGHTERS' PENSION FUND, on behalf of itself and all others similarly situated, <br><br>      Plaintiff, <br><br>      v. <br><br> IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN, <br><br>      Defendants. | No. 1:19-cv-12536-DJC |
| JEROME CAMPBELL, on behalf of itself and all others similarly situated, <br><br>      Plaintiff, <br><br>      v. <br><br> IROBOT CORPORATION, COLIN M. ANGLE, and ALISON DEAN, <br><br>      Defendants. | No. 1:19-cv-12483-DJC <br><br> Judge Denise J. Casper <br><br> <u>CLASS ACTION</u> <br><br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA AND CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD <u>COUNSEL; AND IN OPPOSITION TO COMPETING MOVANTS</u>**

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ............................................................................................................. ii

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

I.      NORTHERN CALIFORNIA CARPENTERS IS ENTITLED TO
        APPOINTMENT AS LEAD PLAINTIFF ........................................................................... 2

        A.      Northern California Carpenters Has the Largest Financial Interest ........................ 2

        B.      Northern California Carpenters Readily Satisfies Rule 23 ..................................... 4

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowers v. Tesaro Inc.*,
    No. 18-cv-10086-ADB, 2018 WL 2089358 (D. Mass. May 4, 2018) ........................................3

*Leech v. Brooks Automation, Inc.*,
    No. 06-11068-RWZ, 2006 WL 3690736 (D. Mass. Dec. 13, 2006) ....................................3, 5

*Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*,
    52 F. Supp. 3d 337 (D. Mass. 2014) .................................................................................2, 4

*Miramar Firefighters Pension Fund v. iRobot Corporation*,
    No. 19-cv-12536-DJC (D. Mass.) ........................................................................................1

**Rules & Statutes**

Fed R. Civ. P. 23 ...........................................................................................................1, 2, 4

15 U.S.C. §78u–4 *et seq*. ................................................................................. *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..................................5

Proposed Lead Plaintiff Northern California Carpenters respectfully submits this memorandum of law in further support of its motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of its selection of Labaton Sucharow as Lead Counsel to the Class and Thornton Law as Liaison Counsel to the Class (ECF No. 28),[1] and in opposition to all competing Lead Plaintiff motions.

## PRELIMINARY STATEMENT

Northern California Carpenters' motion for Lead Plaintiff is unopposed.[2]  Further, of the five motions filed by putative class members seeking appointment as Lead Plaintiff in the substantively identical above-captioned actions, Northern California Carpenters has the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23. Thus, pursuant to the PSLRA, Northern California Carpenters is presumptively the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B).  No opposing movant has, or will be able to, submit the requisite proof to contest this presumption.

Furthermore, Northern California Carpenters, as a sophisticated institutional investor, is the paradigmatic lead plaintiff envisioned by Congress, and is the only such investor to move for appointment as Lead Plaintiff.  Northern California Carpenters has selected Labaton Sucharow as its proposed Lead Counsel for the Class, a highly experienced law firm with a distinguished history of settling major securities class actions.  Therefore, Northern California Carpenters is

---

[1]    All definitions and abbreviations used herein remain unchanged from Northern California Carpenters' previous submissions before the Court, ECF No. 28, 29, and all docket references are to the first-filed action unless otherwise indicated.  *See Miramar Firefighters Pension Fund v. iRobot Corporation*, No. 19-cv-12536-DJC (D. Mass.).

[2]    Lead Plaintiff motions were filed by: (i) Vinh Ngo ("Ngo") (ECF No. 31); (ii) Richard W. Masucci ("Masucci") (ECF No. 34); (iii) Monica Sagal ("Sagal") (ECF No. 24); and (iv) Min Zhao ("Zhao") (ECF No. 37).  Ngo, Masucci, Zhao, and Sagal filed notices of non-opposition on January 6, 2019. (ECF Nos. 40, 41, 42, 43).

not only the presumptive "most adequate plaintiff," but the best possible candidate to fulfill the fiduciary duties of the PSLRA lead plaintiff.

Accordingly, Northern California Carpenters respectfully requests this Court grant its motion for consolidation, appointment as Lead Plaintiff, and approval of its selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class.

## ARGUMENT

## I.    NORTHERN CALIFORNIA CARPENTERS IS ENTITLED TO APPOINTMENT AS LEAD PLAINTIFF

Under the PSLRA's sequential lead plaintiff procedure adopted by this Circuit, the lead plaintiff candidate claiming the largest financial interest while also making a *prima facie* showing that it is typical and adequate under Rule 23, is afforded the presumption that it is the "most adequate plaintiff."  *See, e.g.*, *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 340 (D. Mass. 2014) (citing 15 U.S.C. §78u–4(a)(3)(B)(iii)(II)).  "This presumption may be rebutted with ***proof*** by a member of the purported class that the person identified as the most adequate plaintiff either will not fairly and adequately represent the class or is subject to unique defenses."  *Id.* (emphasis added).

As demonstrated herein, Northern California Carpenters is the presumptively "most adequate plaintiff" because it is the movant that has the largest financial interest and also satisfies the requirements of Rule 23.  As no opposing movant has, or will be able to, rebut this presumption, Northern California is entitled to appointment as Lead Plaintiff under the PSLRA.

### A.    Northern California Carpenters Has the Largest Financial Interest

Northern California Carpenters, with losses over ***twice*** as large as the next potential movant, has the largest financial interest in the outcome of this litigation.  While the PSLRA

2

provides no set guidance on how to calculate financial interest,[3] "[m]any courts . . . have considered (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Bowers v. Tesaro Inc.*, No. 18-cv-10086-ADB, 2018 WL 2089358, at *1 (D. Mass. May 4, 2018) (internal quotations and citation omitted). Importantly, "[a]pproximate loss is generally considered 'the most important factor.'" *Id.* (citation omitted).

Under three of these factors, including approximate losses suffered—the factor near-universally afforded the most weight—Northern California Carpenters has the greatest financial interest of all competing movants:

| MOVANT | SHARES PURCHASED | NET FUNDS EXPENDED | FINANCIAL INTEREST |
|---|---|---|---|
| Northern California Carpenters | 10,409 | $347,288 | $347,125.66 |
| Ngo | 3,000 | $300,000 | $158,024.29 |
| Masucci | 4,705 | $261,446 | $122,170.00 |
| Monica Sagal | 2,000 | $205,000 | $110,349.52 |
| Min Zhao | 828 | $86,636 | $47,450.00 |

Indeed, as illustrated above Northern California Carpenters' financial interest is multiples above the other movants. Therefore, there can be no doubt that Northern California Carpenters possesses the largest financial interest in the outcome of this litigation.

---

[3]    *See Leech v. Brooks Automation, Inc.*, No. 06-11068-RWZ, 2006 WL 3690736, at *2 (D. Mass. Dec. 13, 2006) ("The PSLRA does not provide any method for determining the largest financial interest.") (internal quotations and citation omitted).

B.      **Northern California Carpenters Readily Satisfies Rule 23**

In addition to possessing the largest financial interest, Northern California Carpenters also readily satisfies the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.  *See* ECF No. 29 at 8-11.

Upon determining which lead plaintiff movant has the largest financial interest, the PSLRA instructs courts to then determine whether that movant "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  This inquiry is not a searching one, however, as under the PSLRA an applicant need only make a "preliminary" showing that it is typical and adequate under Rule 23.  *See Local No. 8*, 52 F. Supp. 3d at 341.  If this *prima facie* showing has been met, and no opposing movant has submitted the necessary proof to contest this finding, then the court's review is at end, and the candidate appointed as lead plaintiff.

Northern California Carpenters meets Rule 23's typicality requirement because its claims "arise from the same course of events and involve the same legal theory as the claims of the rest of the class." *Local No. 8*, 52 F. Supp. 3d at 341; *see also* ECF No. 29 at 8-9.  Specifically, Norther California Carpenters: (i) purchased iRobot securities during the Class Period; (ii) purchased iRobot securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (iii) suffered damages thereby.  *See Local No. 8*, 52 F. Supp. 3d at 341.  Likewise, the Northern California Carpenters meets Rule 23's adequacy requirement because its interests in the Action is clearly aligned with the interests of the other members of the Class, and there is no evidence of any antagonism between Northern California Carpenters and the other class members.  *See id.*; ECF No. 29 at 10.

Based on its satisfactory showing that is both typical and adequate under Rule 23, Northern California Carpenters has thus triggered the PSLRA's "most adequate plaintiff"

presumption. 15 U.S.C. §78u–4(a)(3)(B)(iii)(II). Therefore, unless the competing movants are able to successfully contest this presumption, the PSLRA dictates the appointment of Northern California Carpenters. To rebut the strong presumption in favor of appointing Northern California Carpenters as Lead Plaintiff, the PSLRA requires "proof" that Northern California Carpenters "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render it incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, the competing movants cannot offer any such proof.

Additionally, Northern California Carpenters, as the only institutional investor movant, is precisely the type of lead plaintiff envisioned by Congress in passing the PSLRA. H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). It is no surprise, therefore, that "courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff." *Leech*, 2006 WL 3690736, at *3. As an institutional investor, Northern California Carpenters has the sophistication, resources, and experience necessary to vigorously and efficiently represent the Class and oversee counsel. On this point, Northern California Carpenters has also taken the significant step of retaining competent and experienced counsel to prosecute the claims alleged in the Action, thus demonstrating that it will protect the interests of the Class. *See* ECF No. 29 at 11-12.

Accordingly, the Court should appoint Northern California Carpenters' as Lead Plaintiff and deny the competing motions.

## CONCLUSION

For the foregoing reasons, Northern California Carpenters respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions: (ii) appointing Northern California Carpenters as Lead Plaintiff; (iii) approving Northern California Carpenters' selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel to the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  January 6, 2020

Respectfully submitted,

*/s/ Guillaume Buell*

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
dbuell@tenlaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Carpenters Annuity Trust Fund for Northern California and Carpenters Pension Trust Fund for Northern California, and Proposed Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the ECF system on January 6, 2020 and accordingly will be served electronically upon all registered participants identified on the Notice of Electronic Filing.

           */s/ Guillaume Buell*

           Guillaume Buell (BBO# 676566)